IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERROCCO JEROME WALKER, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-18-1778 |
| U.S. ARMY DEPARTMENT DEFENSE MEDICAL COMMAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Jerrocco Jerome Walker ("Plaintiff"), proceeding pro se, sued the U.S. Army Department Defense Medical Command ("Defendant"). Defendant filed a motion to dismiss the complaint. (Mot. Dismiss, ECF No. 8.) Plaintiff opposed dismissal. (Opp. Mot. Dismiss, ECF No. 10.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the Court will grant Defendant's motion to dismiss.

### I. *Background*

At the motion to dismiss stage, the Court accepts the factual allegations of the complaint as true, *see, e.g.*, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), but "statements of bare legal conclusions 'are not entitled to the assumption of truth.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011).

Plaintiff alleges that he served in the U.S. Army from 1996 through 1999 and returned to the army in 2006. (Compl. at 1, ECF No. 1.) In 2013, Plaintiff discovered his "Hebrew Israelite Heritage" and "reverted to the God of his ancestors." (*Id.* at 4.) After discovering his indigenous heritage, Plaintiff requested a religious exception. Plaintiff specifically requested an exception to

1

Policy IAW AR 670-1 so that he could grow his facial hair no more than a quarter of an inch. (Compl. Ex. I at 1, ECF No. 1-9.) In the request, Plaintiff explained, "I have traditional practices that are required of me to maintain my status as a faithful member of my ancient indigenous family treaty." (*Id.*) Plaintiff requested the exception in December 2015, April 2016, and June 2016, and each request was denied. (Compl. Ex. C at 1, ECF No. 1-3.) In 2017, Plaintiff sought and attained "conscientious objector" status, and the army honorably discharged him. (Opp. Mot. Dismiss, Ex. 1 at 1, ECF No. 10-1.)

Plaintiff asserts that Defendant discriminated against him "because [he] claimed his Hebrew Israelite Heritage." (Compl. at 4.) Plaintiff alleges that he requested the religious exception "under duress" and, subsequently, conscientious objector status "because of fear of further abuse." (*Id.* at 1, 6.) In short, Plaintiff alleges that the abuses he suffered in the form of racial and religious discrimination forced him out of the army. (*Id.* at 1–2.) And, he suffered the following damages: "loss of rank, loss of wages, property, homeless[ness], abuses, psychological and mental trauma." (*Id.* at 3.)

## *II. Legal Analysis*

Defendant moves to dismiss, arguing that Plaintiff fails to state a plausible claim for relief, *see* Fed. R. Civ. P. 12(b)(6), and that the Court lacks subject matter jurisdiction because Plaintiff's claims are nonetheless barred by sovereign immunity, *see* Fed. R. Civ. P. 12(b)(1). (Mot. Dismiss at 1.) A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. *Presley v. Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint must satisfy Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A motion to dismiss under Rule 12(b)(1) raises the question of whether the court has the authority to hear the case. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Where defendants raise the defense of sovereign immunity, they make a facial challenge to the complaint. *See Weiss v. Price*, Civ. No. ELH-17-1127, 2018 WL 1156770, at *2 (D. Md. March 5, 2018). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The plaintiff bears the burden of establishing subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The Court liberally construes complaints filed by pro se plaintiffs. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Pro se lawsuits "represent the work of an untutored hand requiring special judicial solicitude." *Beaudett v. Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). However, pro se lawsuits "do[] not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). Consequently, even with pro se plaintiffs, courts may only address those questions "which are squarely presented." *Id.* Because Plaintiff proceeds pro se in this case, the Court carefully construes the allegations of the complaint for all plausible claims.

Plaintiff seems to argue primarily that Defendant discriminated against him because of his race and religion. To the extent that Plaintiff attempts a discrimination claim under Title VII of the Civil Rights Act of 1964, it is barred by sovereign immunity. "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Pornomo v. United States*, 814 F.3d 681, 687 (4th Cir. 2016). Title VII does outlaw employment discrimination and waives sovereign immunity with respect to claims for "personnel actions affecting employees . . . in military departments . . . ." 42 U.S.C. § 2000e–16(a). But, because the

3

Fourth Circuit has concluded—and every other federal appellate court faced with this question has agreed—that "military department" employees do not include members of the armed forces, members of the armed forces "do not fall within the scope of the waiver of sovereign immunity." *Middlebrooks v. Leavitt*, 525 F.3d 341, 344 (4th Cir. 2008); *see also Randall v. United States*, 95 F.3d 339, 343 (4th Cir. 1996) (affirming dismissal of plaintiff service member's Title VII claim for lack of subject matter jurisdiction). Thus, even if Plaintiff could state a plausible claim under Title VII, such a claim is barred by sovereign immunity.

In Plaintiff's pleadings, he references two federal criminal provisions: 18 U.S.C. §§ 241, 242. (Compl. Ex. G at 8, ECF No. 1-7; Opp. Mot. Dismiss at 1.) "[I]t is well established that a private actor may not bring a civil claim pursuant to a criminal statute unless that statute provides a private cause of action." *Moore v. Bd. of Educ. of Balt. Cnty.*, Civ. No. RDB-16-3439, 2017 WL 3172820, at *3 n.9 (D. Md. July 25, 2017); *see Alexander v. Hendrix*, Civ. No. RDB-14-2666, 2015 WL 3464145, at *3 (D. Md. May 29, 2015) (holding that § 241 does not provide a private cause of action); *Olekanma v. Wolfe*, Civ. No. DKC-15-0984, 2017 WL 784121, at *4 (D. Md. Mar. 1, 2017) (holding that § 242 does not provide a private cause of action). As a private citizen, Plaintiff cannot state a plausible claim under either criminal statute.

Plaintiff also references 42 U.S.C. § 1983, (Ex. C at 1), but a § 1983 claim cannot be made against a federal entity. "While a claim against a state agent may be pursued under [§] 1983, for a federal defendant the proper claim is a *Bivens* claim rather than a [§] 1983 claim." *Johnson v. U.S. Dep't of Justice*, Civ. No. PJM-14-4008, 2016 WL 4593467, at *5 (D. Md. Sept. 2, 2016); *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Even if we construed Plaintiff's reference to § 1983 as a *Bivens* claim, it would fail because a plaintiff may only pursue a *Bivens* action against federal officers individually, not against federal agencies

and departments, like the U.S. Army. *Johnson*, 2016 WL 4593467, at *5 (dismissing *Bivens* actions against the U.S. Department of Justice and Federal Bureau of Investigation). Further, members of the armed forces cannot pursue *Bivens* actions against their superior officers. *Chappell v. Wallace*, 462 U.S. 296, 305 (1993) (holding "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations").

Plaintiff has not carried his burden of alleging sufficient facts to state a claim for relief that is plausible on its face, nor has he established this Court's subject matter jurisdiction. Plaintiff has not provided a cause of action for his claims, and the Court discerns none. Instead, Plaintiff has offered mostly conclusory statements that Defendant abused him and discriminated against him, and such conclusions are not sufficient to survive a motion to dismiss.

### *III.* *Conclusion*

For the foregoing reasons, an Order shall enter granting Defendant's motion to dismiss.

DATED this 10 day of January, 2019.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge